RUMSEY *v.* AUDITOR GENERAL.

BILL OF REVIEW—TAX SALES—DECREE—VALIDITY—VACATION.
   Where a petition to file a bill of review shows a decree authorizing a sale of petitioner's lands for nonpayment of taxes, which decree petitioner claims is invalid, and the answer, in effect, admits that there are no taxes against the land which have not been extinguished, and that there is no existing lien, petitioner should be allowed to file such bill to set aside the decree.

Appeal from Gratiot; Stone, J.    Submitted November 16, 1904.    (Docket No. 87.)    Decided December 14, 1904.

Petition by Chauncey J. Rumsey against Perry F. Powers, auditor general, and another, for leave to file a bill of review.    From a decree dismissing the petition, petitioner appeals.    Reversed.

*Nichol & Locke*, for petitioner.

*M. R. Salter*, for respondent.

MOORE, C. J.   This proceeding contains many of the features passed upon in *Rumsey* v. *Griffin*, ante, 413.   The petitioner is the same person.   It relates to the same tax and to the same tax proceedings, but to a different description of land.

The petition contains this averment:

"Your petitioner further shows that the said lands of your petitioner are now held by the State of Michigan under and by virtue of the said State bid, and the said auditor general holds out and pretends that he has authority to and will sell said lands or the State's bid."

The answer in this case differs very materially from the other.   It says:

"1. The S. W. ¼ of S. E. ¼, section 14, town 9 north, range 1 west, county of Gratiot, was assessed for drain taxes in 1882 under the drain law of 1881.   That such drain taxes were reassessed under the provisions of the drain law of 1885, and returned, advertised, and subsequently bid to the State, but, acting under authority of law, the auditor general did on June 30, 1900, cancel such bid, and reject the taxes so returned to him, and charge the same back to the county of Gratiot.   That such taxes have not been, and could not be, for the reason, charged back, reassessed upon the S. W. ¼ of S. E. ¼ of section 14, and they are therefore actually, and as a matter of fact, wholly extinguished.

"2. For the reason that there are no taxes under the assessment for drain purposes made in 1882, now delinquent under the original assessment or a reassessment, and charged against such land, the allegations of petitioner are not of force, as they do not and cannot refer to an existing lien, and petition should for this reason, and for the reason that there are no taxes of 1882 for drain purposes now charged against the S. W. ¼ of S. E. ¼ of section 14, be dismissed."

This case, like the other, was heard upon petition and answer, and the petition dismissed.   This action of the trial

court does not give the petitioner the relief to which he was entitled under the pleadings. The petition shows a decree authorizing a sale of petitioner's lands, which decree the petitioner claims is invalid. The answer admits, in effect, that there are no taxes against the land which have not been extinguished, and no existing lien. If this is true, the decree should be set aside. The petitioner should be allowed to file his bill of review to accomplish that purpose.

The decree of the court below is reversed, and one will be entered here in accordance with this opinion.

The other Justices concurred.